# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3686

_____

Manuel Ramirez-Barrios,       *
     *
        Petitioner,      *
     *   Petition for Review of
    v.      *   an Order of the Immigration
     *   and Naturalization Service.
John Ashcroft, Attorney General of the    *
United States,      *      [UNPUBLISHED]
     *
        Respondent.      *

_____

Submitted: October 2, 2003
Filed: October 7, 2003

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Manuel Ramirez-Barrios petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of Ramirez-Barrios's application for withholding of removal and relief under the Convention Against Torture. Ramirez-Barrios argues that the IJ's conclusions were not supported by substantial evidence, that conditions in Guatemala have not changed, and that he was not given an opportunity to cross-examine the authors of the State Department country reports. After careful review of the record, we deny the petition.

Even assuming Ramirez-Barrios's testimony was credible, we conclude that a reasonable factfinder could conclude Ramirez-Barrios did not show a clear probability that he will face persecution on account of his political opinion upon return to Guatemala. See Kratchmarov v. Heston, 172 F.3d 551, 555 (8th Cir. 1999) (standard for withholding of deportation). To the extent army officials attempted to draft Ramirez-Barrios between 1987 and 1989, he was not persecuted based upon a protected characteristic, see Tesfu v. Ashcroft, 322 F.3d 477, 482 (7th Cir. 2003), and the two threats he received after expressing his opposition to the army were discrete incidents that did not result in detention, injury, or harm, cf. Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997) (isolated acts of violence do not establish well-founded fear of persecution). Further, there was evidence that the army is no longer engaged in forced recruitment, and Ramirez-Barrios's contention that citizens continue to experience violence is insufficient, as there is no indication that these criminal activities are directed at a protected characteristic. Cf. Cigaron v. Heston, 159 F.3d 355, 358 (8th Cir. 1998) (evidence that El Salvador is generally dangerous does not overcome evidence supporting conclusion that fear of future persecution was not reasonable). We find that Ramirez-Barrios's request for relief under the Convention Against Torture--based upon the same evidence--also fails. See 8 C.F.R. § 208.16(c)(2) (2002).

We also conclude that Ramirez-Barrios's remaining argument, concerning the opportunity for cross-examination of the authors of the State Department reports, is unavailing (setting aside the issue whether he even preserved the argument below). The rules of evidence do not apply in proceedings before the Immigration and Naturalization Service, see Gramatikov v. INS, 128 F.3d 619, 620 (7th Cir. 1997), and neither the agency nor the alien is entitled to cross-examine the authors of these reports, see Gailius v. INS, 147 F.3d 34, 46 n.7 (1st Cir. 1998). In addition, Ramirez-Barrios had the opportunity to present rebuttal evidence, and did so. See id. at 46 n.7.

Accordingly, we deny the petition.

_____